**SAO**
Alex J. De Castroverde
Nevada Bar No. 6950
Orlando De Castroverde
Nevada Bar No. 7320
De CASTROVERDE LAW GROUP
1149 South Maryland Parkway
Las Vegas, Nevada 89104
Tel. 702.383.0606
Fax:702.383.8741
Email: Alex@decastroverdelaw.com
Email: Orlando@decastroverdelaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SILVIA SANDOVAL,<br><br>Plaintiff,<br><br>v.<br><br>ALBERTSONS, LLC d/b/a ALBERTSONS; DOES I-X, inclusive, and ROE CORPORATIONS I-X, inclusive,<br><br>Defendants. | CASE NO.: 2:17-cv-00959-APG-PAL<br><br>**STIPULATION AND ORDER TO EXTEND DISCOVERY DEADLINES**<br><br>**[THIRD REQUEST]** |

        The undersigned, on behalf of Plaintiff, SILVIA SANDOVAL, and ALBERTSONS, LLC d/b/a ALBERTSONS, hereby stipulate to extend the remaining deadlines in the current scheduling order and discovery plan in this matter for a period of forty-five (45) days for the reasons explained herein, and under Local Rule 6-1(b).

///

///

///

## I.

## DISCOVERY COMPLETED TO DATE

1.      The Parties have conducted an FRCP 26(f) conference and have served their respective FRCP 26(a) disclosures;

2.      Defendant has served on Plaintiff Interrogatories, Requests for Admissions, and Requests for Production, and Plaintiff has served responses thereto;

3.      Plaintiff has served on Defendant Requests for Admission, Interrogatories, and Requests for Production, and Defendant has served responses thereto;

4.      Defendant has served on Plaintiff Second Request for Production, and Plaintiff has served responses thereto;

5.      Plaintiff has served on Defendant Second Requests for Admission, Second Interrogatories, and Defendant has served responses thereto;

6.      The deposition of Plaintiff;

7.      The deposition of Evelin Espinoza;

8.      The deposition of Hector Garcia;

9.      The deposition of Veronica Prieto;

10.     The deposition of Juan Espinoza; and

11.     The deposition of Alex Pasaphong.

///

///

///

## II.

## DISCOVERY TO BE COMPLETED

1.     Additional written discovery;

2.     Depositions of Kristi Fridley; and

3.     Deposition of Defendant's 30(b)(6) witness.

### III.

### REASON THAT DISCOVERY HAS NOT YET BEEN COMPLETED

This is the third stipulation for extension of time. The enlargement of time periods, including discovery deadlines, is governed by F.R.C.P. 6(b), which states:

> When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; but it may not extend the time for taking any action under Rules 50(b) and (c)(2), 52(b), 59(b), (d) and (e), 60(b), and 74(a), except to the extent and under the conditions stated in them.

The Local Rules of the United States District Court for the District of Nevada include additional provisions relating to the extension or reopening of discovery. Specifically, Local Rule 6-1 governs requests for continuances and extensions in general, stating:

> (a) Every motion requesting a continuance, extension of time, or order shortening time shall be Filed by the clerk and processed as an expedited matter. Ex parte motions and stipulations shall be governed by LR 6-2.
>
> (b) Every motion or stipulation to extend time shall inform the court of any previous extensions granted and state the reasons for the extension requested A request made after the expiration of the specified period shall

not be granted unless the moving party, attorney, or other person demonstrates that the failure to act was the result of excusable neglect. Immediately below the title of such motion or stipulation there shall also be included a statement indicating whether it is the first, second, third, etc., requested extension, i.e.:

STIPULATION FOR EXTENSION OF TIME TO FILE MOTIONS (First Request)

(c) The court may set aside any extension obtained in contravention of this rule.

(d) A stipulation or motion seeking to extend the time to file an opposition or final reply to a motion, or to extend the time fixed for hearing a motion, must state in its opening paragraph the filing date of the motion.

Local Rule 26-4 specifically refers to the extension of scheduled deadlines, stating:

Applications to extend any date set by the discovery plan, scheduling order, or other order must, in addition to satisfying the requirements of LR 6-1, be supported by a showing of good cause for the extension. All motions or stipulations to extend discovery shall be received by the court within twenty (20) days before the discovery cut-off date or any extension thereof.
Any motion or stipulation to extend or to reopen discovery shall include:
(a) A statement specifying the discovery completed;
(b) A specific description of the discovery that remains to be completed;
(c) The reasons why discovery remaining was not completed within the time limits set by the discovery plan; and
(d) A proposed schedule for completing all remaining discovery.

The Parties' failure to timely request an extension of the discovery deadline under Local Rule 26-4 results from excusable neglect. Before 1993, a conflict existed between the Courts of Appeals as to the meaning of excusable neglect. In 1993, however, the United States Supreme Court resolved this conflict with its decision in *Pioneer Investment Services v. Brunswick Associates, Ltd.,* 507 U.S 380 (1993). By empowering the courts to accept late filings where failing to act resulted from excusable neglect, Congress plainly contemplated that the courts would be permitted,

1  where appropriate, to accept late filings caused by inadvertence, mistake, or
2  carelessness, and by intervening circumstances beyond the party's control. *Id.* at 388.
3  The Parties' failure to request an extension of discovery twenty (20) days before
4  the discovery deadline      under      LR      26-4      constitutes excusable neglect.
5  The discovery deadline should be extended.
6
7        *Pioneer's* liberal   definition   of excusable neglect is   applicable   beyond   the
8  bankruptcy context where it arose. *Weinstock v. Cleary, Gottlieb, Steen & Hamilton,* 16
9  F.3d 501, 503 (2d Cir. 1994). Although the decision in *Pioneer* arose out of the context
10 of a Bankruptcy Rule 9006 in a bankruptcy proceeding, the term excusable neglect is
11 used throughout the Federal Rules of Civil Procedure in several places. For example,
12 under Rule 6(b), where the specified period for performing an act has elapsed, a district
13 court may enlarge the period and permit the tardy act where the omission results from
14 excusable neglect. *Pioneer.* 507 U.S. at 391. There is no indication that anything other
15 than the commonly accepted meaning of the phrase was intended by its drafters. *Id.* Not
16 surprisingly, in applying Rule 6(b), the Courts of Appeals have recognized
17 that excusable neglect may extend to inadvertent delays. *Id.* at 391-392.
18
19        Determining whether a party's neglect of a deadline is excusable requires the
20 review of several factors. Because Congress has provided no other guideposts for
21 determining what sorts of neglect will be excusable, the determination is equitable,
22 taking account of all relevant circumstances surrounding the party's omission. *Id.* at 395.
23 The factors include: (1) the danger of prejudice to the opposing party, (2) the length of
24 the delay and its potential impact on judicial proceedings, (3) the reason for the delay,
25 including whether it was within the reasonable control of the movant, and (4) whether
26
27
28

the movant acted in good faith. *Id.* In *Committee for Idaho's High Desert, Inc. v. Yost,* 92 F.3d 814 (9th Cir. 1996), the Ninth Circuit held that the Supreme Court's analysis of excusable neglect in *Pioneer* applies to Rule 6(b). Similarly, the Ninth Circuit adopted the *Pioneer* test for Rule 60(b)(1) cases in *Briones v. Riviera Hotel & Casino,* 116 F.3d 379, 381 (9th Cir. 1997).

In *Briones,* 116 F.3d at 381, the Ninth Circuit noted that *Pioneer* changed its law on excusable neglect. *Bateman v. U.S. Postal Service,* 231 F.3d 1220 (9th Cir. 2000). Before *Pioneer,* the Ninth Circuit had held that ignorance of court rules did not constitute excusable neglect and had applied a per se rule against granting relief when a party failed to comply with a deadline. *Id. (citing Briones.)* After Pioneer, however, the Ninth Circuit recognized that the term excusable neglect covers cases of negligence, carelessness, and inadvertent mistake. *Id.*

Here, the Parties have admittedly failed to request the subject extension earlier than twenty (20) days before the disclosure deadlines in the Stipulated Discovery Plan. On November 15, 2017 and November 27, 2017, Plaintiff's office contacted Defense counsel to arrange a date to conduct the depositions of Mike Kinne, Kristi Findley, and Defendant's 30(b)(6) witness. However, Plaintiff's counsel never received deposition availability of the foregoing witnesses.  Therefore, Plaintiff unilaterally noticed the depositions of Defendant's 30(b)(6) witness for December 12, 2017. In addition, Plaintiff unilaterally noticed the depositions of Mike Kinne and Kristi Fridley for December 15, 2017. On November 28, 2017, Plaintiff's counsel spoke with Defense counsel telephonically and Defense counsel was agreeable to the dates that Plaintiff unilaterally set for the depositions of Mike Kinne, Kristi Findley, and Defendant's 30(b)(6) witness.

On December 6, 2017, Plaintiff's counsel's office wrote Defense counsel to confirm that Mike Kinne, Kristi Findley, and Defendant's 30(b)(6) witness would be able to attend the deposition scheduled for December 15, 2017. Defense counsel responded on December 7, 2017, that he could not confirm whether the depositions would be able to go forward since the adjuster assigned to this case recently resigned.

On December 11, 2017, Defense counsel noted that a new adjuster had still not been reassigned to the case, and as a result, Defendant's 30(b)(6) witness' deposition and Kristi Fridley's deposition would not be able to go forward. This is because ALBERTSONS, LLC d/b/a ALBERTSONS had yet to provide the dates of availability.

On December 12, 2017, Plaintiff took a non-appearance for Defendant's 30(b)(6) witness.  On December 15, 2017, Plaintiff took a non-appearnce for Kristi Fridley's deposition.

**1. *No Party Will Be Prejudiced in Any Manner By an Extension of the Discovery Period.***

No party will be prejudiced by an extension of the discovery deadline. Notably, both Parties agree that an extension would be beneficial. An extension will allow each party to further prepare its respective case for trial. Forcing the Parties to proceed to trial without the necessary discovery will affect every aspect of the trial. It will manifestly prejudice both sides ability to prepare and present their respective cases. *See Martel v. County of Los Angeles,* 34 F.3d 731, 735 (9th Cir. 1994).

**2. *The Parties' Delay Was Not Long and Will Not Adversely Impact These Proceedings.***

The extension or reopening of discovery in this matter will not result in prejudice to any party. Likewise, such an extension will not hurt the proceedings in this Court. The

Parties have acted promptly to request an extension. Additional discovery should be allowed.

### 3. The Movant Acted in Good Faith at All Times.

Here, both Parties are agreeable to the extension and have acted in good faith to request the same. The Parties have no intent, nor reason, to delay the resolution. Both Parties eagerly look forward to attempting to resolve this matter.

So, a review of the preceding factors reveals that—although the Parties' failure to request an extension within 20 days of the initial expert disclosure deadline may constitute neglect—it is excusable.

### 4. There are Strong Compelling Circumstances to Grant an Extension

Here, Plaintiff's Counsel initially contacted Defense Counsel on November 15, 2017, seeking deposition availability of their disclosed witnesses. It has been over one month now and Defense counsel has not been provided deposition dates from his carrier due to the assigned adjuster on the case resigning. To this date, Defense counsel still has not been provided deposition availability for Kristi Fridley and their 30(b)(6) witness.

Further, Defendant's 30(b)(6) witness is pivotal to this case. Specifically, Plaintiff has intentions of filing a motion for spoliation of evidence on several issues including: 1) lost video; 2) lost sweep logs; and 3) a lost incident report. To bind the company and to prove that Defendant's conduct violated company policy, it is imperative that Plaintiff's counsel take the deposition of Defendant's 30(b)(6) witness.

///

///

///

## V.

## PROPOSED NEW DISCOVERY DEADLINES

| | |
|---|---|
| Discovery Cut-off | April 16, 2018 |
| Expert Disclosures | February 16, 2018 |
| Rebuttal Expert Witness Disclosures | March 19, 2018 |
| Amend Pleadings | February 16, 2018 |
| Joint Pre-Trial Order | June 18, 2018 |
| Interim Status Report | February 16, 2018 |
| Dispositive Motions | May 15, 2018 |

DATED this 20th day of December, 2017.    DATED this 20th day of December 2017.

**DE CASTROVERDE LAW GROUP**    **MORAN BRANDON BENDAVID MORAN**


By: */s/ David Menocal*      By: */s/ Kris Klingensmith*

David Menocal             Kris D. Klingensmith

Nevada Bar No. 13191       Nevada Bar No. 13904

1149 S. Maryland Pkwy.     630 S. Fourth Street

Las Vegas, Nevada 89104    Las Vegas, NV 89101

*Attorney for Plaintiff*        *Attorney for Defendant*


      IT IS SO ORDERED:

UNITED STATES MAGISTRATE JUDGE

DATED: _January 8, 2018_