UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| SILVIA SANDOVAL,<br><br>Plaintiff,<br><br>v.<br><br>ALBERTSONS, LLC, d/b/a ALBERTSONS,<br><br>Defendant. | Case No. 2:17-cv-00959-APG-PAL<br><br>**ORDER** |

Plaintiff Silvia Sandoval filed her Motion for Adverse Presumption or Inference Due to Defendant's Spoliation of Evidence (ECF No. 28). Both the motion and attached exhibits were filed under seal on March 9, 2018. However, Plaintiff did not request leave to file the documents under seal, or justify why the motion and supporting exhibits should be filed under seal. Pursuant to LR 10-5 of the Local Rules of Practice, attorneys must file documents under seal using the court's electronic filing procedures:

> Unless otherwise permitted by statute, rule, or prior court order, papers filed with the court under seal must be accompanied by a motion for leave to file those documents under seal. If papers are filed under seal under prior court order, the papers must state on the first page, directly under the case number: "FILED UNDER SEAL UNDER COURT ORDER (ECF No. ___)." All papers filed under seal will remain sealed until the court either denies the motion to seal or enters an order unsealing them.

LR IA 10-5(a). Additionally, the standards articulated by the Ninth Circuit in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006), must be met to overcome the presumption of public access to judicial files, records, motions, and any exhibits. Generally, the public has a right to inspect and copy judicial records, and these records are presumptively accessible to the public. *Id*. at 1178. Thus, a party seeking to seal a judicial record bears the burden of overcoming this strong presumption. *Id.*

Plaintiff sealed her entire motion and attached exhibits without any explanation as to why these filings should be sealed. Under *Kamakana*, a party must make a particularized showing to overcome the presumption of public accessibility. No protective order governing confidentiality of documents exchanged in discovery was entered in this case. However, even if one was entered to facilitate the parties' discovery exchanges, the mere fact that one party designated information as confidential under a protective order does not satisfy *Kamakana* standard. Only those portions of a motion that contain specific reference to confidential documents or information, and the exhibits that contain such confidential information, may be filed under seal. *See In re Roman Catholic Archbishop of Portland*, 661 F.3d 417, 425 (9th Cir. 2011); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003). The remainder of the motion, and other exhibits that do not contain confidential information, must be filed as publicly-accessible documents. *See* LR IA 10-5(b) ("The court may direct the unsealing of papers filed under seal, with or without redactions, after notice to all parties and an opportunity to be heard.").

In a cursory review of the motion the court could not determine any basis for the motion or its supporting exhibits to be sealed. However, the motion and attached exhibits will remain temporarily sealed to enable the parties to confer about what, if any, portions of the motion or exhibits should be sealed. Each side shall have until **March 26, 2018**, to file an appropriate memorandum of points and authorities making a particularized showing why the documents should remain under seal.

Accordingly,

**IT IS ORDERED:**

1. The parties must comply with: (i) the Local Rules of Practice regarding electronic filing and filing under seal, (ii) the Ninth Circuit's opinions in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) and its progeny, and (iii) the appropriate CM/ECF filing procedures.

2. The parties must confer about what, if any, portions of the motion, exhibits, etc., should remain sealed. If any party determines that a portion of the filing should remain sealed,

that party must file a motion to seal making a particularized showing why the document(s) or redacted portion thereof should remain under seal.

3. Any request for sealing must comply with the Ninth Circuit's standards in *Kamakana*, and must include a memorandum of points and authorities making a particularized showing why the document(s) should be sealed or redacted. The motion should also include a supporting declaration or affidavit, a proposed order granting the motion to seal, and, if applicable, a proposed redacted version of the filing.

4. Plaintiff Silvia Sandoval's Motion for Adverse Presumption or Inference Due to Defendant's Spoliation of Evidence (ECF No. 28) and attached exhibits will remain sealed until the court either denies the motion to seal or enters an order unsealing them.

5. The party asserting confidentiality has the burden of overcoming the presumption of public access and must file a motion to seal on or before **March 26, 2018**. If no motion to seal is timely filed in compliance with this order, the Clerk of the Court will be directed to unseal the motion and supporting exhibits to make them available on the public docket.

Dated this 12th day of March, 2018.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE