UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SILVIA SANDOVAL,<br><br>                Plaintiff,<br>v.<br>ALBERTSONS, LLC, d/b/a ALBERTSONS,<br><br>                Defendant. | Case No. 2:17-cv-00959-APG-PAL<br><br>**ORDER**<br><br>(Stipulation – ECF No. 30) |

       This matter is before the court on the parties Stipulation (ECF No. 30), filed March 22, 2018. This Stipulation is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice.

       On March 9, 2018, Plaintiff Silvia Sandoval filed her Motion for Adverse Presumption or Inference Due to Defendant's Spoliation of Evidence (ECF No. 28). Both the motion and attached exhibits were filed under seal without explanation. The court therefore entered an Order (ECF No. 29) instructing the parties to confer about what, if any, portions of the motion or exhibits should be sealed. The parties were ordered to comply with: (i) the Local Rules of Practice regarding electronic filing and filing under seal, (ii) the Ninth Circuit's opinions in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) and its progeny, and (iii) the appropriate CM/ECF filing procedures. The order stated:

> Any request for sealing must comply with the Ninth Circuit's standards in *Kamakana*, and must include a memorandum of points and authorities making a particularized showing why the document(s) should be sealed or redacted. The motion should also include a supporting declaration or affidavit, a proposed order granting the motion to seal, and, *if applicable, a proposed redacted version of the filing*….

Order (ECF No. 29) at 3 (emphasis added).

       The parties' Stipulation (ECF No. 30) states that Sandoval's Motion was filed under seal pursuant to the court's grant of a protective order regarding Defendant Albertsons, LLC's

1

confidential policies and procedures. *See* Oct. 26, 2017 Mins. of Proceeding (ECF No. 19) (granting Motion for Protective Order (ECF No. 14)). Plaintiff's motion contains exhibits including the confidential deposition transcript and exhibits from the deposition of Defendant's FRCP 30(b)(6) witness Randall DeCarlo, which was marked confidential pursuant to the use of documents subject to the court's October 26, 2017 Order. The Stipulation identifies specific portions of Plaintiff's motion referencing confidential information. However, the parties did not attach a proposed redacted version of Plaintiff's motion. The Stipulation also identifies the specific exhibit containing the confidential deposition transcript. *See* Sealed Mot. Ex. 5 (ECF No. 28-5).

Having reviewed and considered the matter in accordance with the Ninth Circuit's directives set forth in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006), and its progeny, the court finds that the parties have met their burden of establishing good cause for Plaintiff's unredacted motion and Exhibit 5 to remain sealed. The parties have narrowly tailored the sealing requests to the extent possible by identifying the portions of the motion and specific exhibit containing confidential information. However, no party has submitted a proposed redacted version of the filing as instructed in the court's Order (ECF No. 29).

Accordingly,

**IT IS ORDERED:**

1. The parties' Stipulation (ECF No. 30) is **GRANTED**.
2. Plaintiff Silvia Sandoval's unredacted Motion for Adverse Presumption or Inference (ECF No. 28) and exhibits shall remain under seal.
3. By **April 9, 2018**, Plaintiff shall REDACT her motion as described in the Stipulation and FILE the redacted version on the public docket, and LINK the new filing in CM/ECF to their original Motion (ECF No. 28).
4. The redacted motion must also ATTACH Exhibits 1–4 and 6, which do not contain confidential information and must also be filed on the public docket.

Dated this 6th day of April, 2018.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE