UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SILVIA SANDOVAL,<br><br>              Plaintiff,<br><br>v.<br><br>ALBERTSONS, LLC, d/b/a ALBERTSONS,<br><br>              Defendant. | Case No. 2:17-cv-00959-APG-PAL<br><br>**ORDER**<br><br>(Stip re Discovery – ECF No. 47) |

This matter is before the court on the parties' Stipulation re Discovery (ECF No. 47), which addresses Plaintiff Silvia Sandoval's Sealed Response to Defendant Albertsons, LLC's Motion for Summary Judgment (ECF No. 46). This Stipulation is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice.

The stipulation asks the court to permit Sandoval to file her response under seal pursuant to the protective order regarding Albertsons' confidential policies and procedures. *See* Oct. 26, 2017 Mins. of Proceeding (ECF No. 19) (granting Mot. for Protective Order (ECF No. 14)). Sandoval's response attaches Albertsons' Sales Floor Inspection Worksheet-Retail Company Policy as Exhibit 5. *See* Sealed Mot. Ex. 5 (ECF No. 46-5). In addition, the response directly references or quotes portions of the document. The stipulation states that this court has previously found "good cause" under *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006), to seal similar policy and procedure documents. *See* Order (ECF No. 33) (granting Stipulation (ECF No. 30) regarding Sandoval's Motion for Adverse Presumption or Inference Due to Defendant's Spoliation of Evidence (ECF No. 28)). The stipulation asserts that "compelling reasons exist to support secrecy due to the need to protect Defendant's confidential and proprietary information." Although Sandoval has not filed a redacted version of her response and the parties did not attach a proposed redacted version, the stipulation identifies the specific portions of Sandoval's response referencing confidential information.

As a general matter, there is a strong presumption of access to judicial records. *Kamakana*, 447 F.3d at 1179. "In keeping with the strong public policy favoring access to court records, most judicial records may be sealed only if the court finds 'compelling reasons'." *Oliner v. Kontrabecki*, 745 F.3d 1024, 1025–26 (9th Cir. 2014) (citing *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677–78 (9th Cir. 2010)). The Ninth Circuit has carved out an exception to the strong presumption of access for certain discovery materials where the movant makes a particularized showing of "good cause" under Rule 26(c) of the Federal Rules of Civil Procedure that rebuts the public's right of access. *Foltz v. State Farm Mut. Ins. Co.*, 331 F.3d 1122, 1135, 1138 (9th Cir. 2003) (holding that the good cause exception is "expressly limited" to materials attached to "a *non-dispositive* motion"); Fed. R. Civ. P. 26(c) (a district court may issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, undue burden or expense").

The strong presumption of access to judicial records "applies fully to dispositive pleadings, including motions for summary judgment and related attachments." *Kamakana*, 447 F.3d at 1179. Thus, a movant must show "compelling reasons" to seal judicial records attached to a dispositive motion. *Id.* (citing *Foltz*, 331 F.3d at 1136). In general, compelling reasons exist when court records might become a vehicle for improper purposes, such as "to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Demaree v. Pederson*, 887 F.3d 870, 884 (9th Cir. 2018) (quoting *Kamakana*, 447 F.3d at 1179); *see also Oliner*, 745 F.3d at 1026 (finding that embarrassment, annoyance, or undue burden were not compelling reasons for sealing). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Demaree*, 887 F.3d at 884–85 (quoting *Kamakana*, 447 F.3d at 1179).

The Ninth Circuit adopted this principle of disclosure for dispositive motions because "the resolution of a dispute on the merits, whether by trial or summary judgment, is at the heart of the interest in ensuring the "public's understanding of the judicial process and of significant public events." *Kamakana*, 447 F.3d at 1179. When applying the compelling reasons standard, "a district court must weigh relevant factors, base its decision on a compelling reason, and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Pintos*, 605 F.3d at 679.

"Relevant factors" include, but are not limited to, the "public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." *Id*.

Here, the parties' conclusory statement that compelling reasons exist based on "the need to protect Defendant's confidential and proprietary information" is insufficient to meet the burden of making a *particularized showing of compelling reasons* for sealing Exhibit 5. A party's burden to show compelling reasons for sealing is not met by general assertions that the information is "confidential" or a "trade secret;" rather, the movant must "articulate compelling reasons supported by specific factual findings." *Kamakana*, 447 F.3d at 1178. The Ninth Circuit has expressly rejected efforts to seal documents under the "compelling reasons" standard where the movant makes "conclusory statements about the contents of the documents—that they are confidential and that, in general," their disclosure would be harmful. *Id.* at 1182.

The party who designates a document confidential is required to meet the appropriate standard. Albertsons has not asserted or shown specific harm or prejudice that it expects will result from disclosure of Exhibit 5. Albertsons has not identified with any particularity whether Exhibit 5 contains such information as trade secrets, legal and business assessments and strategy, financial information and communications, or incentives and negotiations over contract terms where such information could cause competitive harm if disclosed publicly. The court cannot speculate as to whether Exhibit 5 contains such information. The parties' reliance on the court's prior orders is insufficient to establish compelling reasons to seal Exhibit 5. The court granted Albertsons a protective order regarding its confidential policies and procedures and sealed related information pursuant to the good cause standard articulated in Rule 26(c). The compelling reasons standard requires more.

In addition, the Ninth Circuit has made clear that the sealing of entire documents is improper when confidential information can be redacted to leave meaningful information available to the public. *Foltz*, 331 F.3d at 1137. To the extent that a sealing order is permitted, it must be narrowly tailored. *See, e.g.*, *Press-Enterprise Co. v. Superior Ct. of Cal., Riverside Cnty.*, 464 U.S. 501, 512 (1984) (sealing orders should be "limited to information that [is] actually sensitive").

Thus, only the portions of a filing that contain specific reference to confidential documents or information, and exhibits that contain such confidential information, may be filed under seal. *In re Roman Catholic Archbishop of Portland*, 661 F.3d 417, 425 (9th Cir. 2011). The remainder of the filing, and other exhibits that do not contain confidential information, must be filed as publicly-accessible documents. *See* LR IA 10-5(b) ("The court may direct the unsealing of papers filed under seal, with or without redactions, after notice to all parties and an opportunity to be heard.").

To date, Plaintiff has not filed a redacted version of her response. Litigants cannot seal an entire dispositive motion or response and all attachments but must file a redacted version on the public docket along with the non-confidential documents submitted as exhibits.

Accordingly,

**IT IS ORDERED:**

1. The parties' Stipulation (ECF No. 47) is **GRANTED in part and DENIED in part without prejudice**.

2. By **October 23, 2018**, Plaintiff Silvia Sandoval must REDACT her response as described in the Stipulation and FILE the redacted version on the public docket while LINKING the new filing in CM/ECF to her Sealed Response (ECF No. 46). The redacted response must ATTACH Exhibits 1–4 and 6–13, which the parties do not assert contain confidential information.

3. Plaintiff Silvia Sandoval's Sealed Response to Motion for Summary Judgment (ECF No. 46) shall remain under seal unless and until the court either denies a motion to seal or enters an order unsealing the response.

4. By **October 30, 2018**, Defendant Albertsons must FILE either: (i) a motion to seal making a *particularized showing of compelling reasons* for sealing Exhibit 5 and the portions of Sandoval's response discussing Exhibit 5, or (ii) a notice indicating that the documents do not require sealing.

5. Any request for sealing must comply with the Ninth Circuit's standards in *Kamakana* and must include a memorandum of points and authorities making a particularized showing why each document(s) should be sealed or redacted. The motion should also

4

include a supporting declaration or affidavit, a proposed order granting the motion to seal, and, if applicable, a proposed redacted version of the filing.

6. If Defendant Albertsons fails to timely file a motion to seal in compliance with this Order, the Clerk of the Court will be directed to unseal the documents to make them available on the public docket.

Dated this 16th day of October 2018.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE