UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SILVIA SANDOVAL,<br><br>                  Plaintiff,<br>v.<br>ALBERTSONS, LLC, d/b/a ALBERTSONS,<br><br>                  Defendant. | Case No. 2:17-cv-00959-APG-PAL<br><br>**ORDER**<br><br>(Sealed Response – ECF No. 32) |

This matter is before the court on a review of the record. On April 4, 2018, Defendant Albertsons, LLC filed a Sealed Response (ECF No. 32) to Plaintiff Silvia Sandoval's Sealed Motion for Adverse Presumption or Inference Due to Defendant's Spoliation of Evidence (ECF No. 28). Albertson's response attached 10 exhibits, which were also filed under seal. However, Albertsons did not request leave to file the documents under seal or justify why the response and supporting exhibits should be filed under seal.

Ms. Sandoval made the same mistake in filing her original motion under seal. Thus, on March 12, 2018, the court ordered the parties to meet and confer about what, if any, portions of the motion and exhibits should remain sealed and then file an appropriate motion to seal. The parties filed a Stipulation (ECF No. 30) agreeing that Sandoval's motion was filed under seal pursuant to the court's grant of a protective order regarding Albertsons' confidential policies and procedures. *See* Oct. 26, 2017 Mins. of Proceeding (ECF No. 19) (granting Motion for Protective Order (ECF No. 14)). Sandoval's motion attached as Exhibit 5 a portion of the confidential deposition transcript from the deposition of Defendant's FRCP 30(b)(6) witness Randall DeCarlo, which was marked confidential pursuant to the use of documents subject to the court's October 26, 2017 Order. The court found that the parties met their burden of establishing good cause for the unredacted motion and Exhibit 5 to remain sealed and ordered Sandoval to file a redacted version of her motion. April 6, 2018 Order (ECF No. 33).

After Ms. Sandoval filed a redacted version of her motion, Albertsons filed its 17-page response on the public docket but did not attach any of the 10 exhibits it originally filed under seal. *See* Response (ECF No. 37). Thus, Albertsons' 10 exhibits remain under seal without leave of the court. Certain exhibits are clearly non-confidential. *See* Pl.'s Compl., Exhibit C (ECF No. 32-3); Def.'s Answer, Exhibit D (ECF No. 32-4); Am. Notice of Depo., Exhibit J (ECF No. 32-10).

Pursuant to LR 10-5 of the Local Rules of Practice, attorneys must file documents under seal using the court's electronic filing procedures:

> Unless otherwise permitted by statute, rule, or prior court order, papers filed with the court under seal must be accompanied by a motion for leave to file those documents under seal. If papers are filed under seal under prior court order, the papers must state on the first page, directly under the case number: "FILED UNDER SEAL UNDER COURT ORDER (ECF No. ___)." All papers filed under seal will remain sealed until the court either denies the motion to seal or enters an order unsealing them.

LR IA 10-5(a). Additionally, the standards articulated by the Ninth Circuit in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006), must be met to overcome the presumption of public access to judicial files, records, motions, and any exhibits. Generally, the public has a right to inspect and copy judicial records, and these records are presumptively accessible to the public. *Id*. at 1178. Thus, a party seeking to seal a judicial record bears the burden of overcoming this strong presumption. *Id.*

Albertsons sealed its entire response and attached exhibits without any explanation as to why these filings should be sealed. Under *Kamakana*, a party must make a particularized showing to overcome the presumption of public accessibility. No protective order governing confidentiality of documents exchanged in discovery was entered in this case. However, even if one was entered to facilitate the parties' discovery exchanges, the mere fact that one party designated information as confidential under a protective order does not satisfy *Kamakana* standard. Only those portions of a motion that contain specific reference to confidential documents or information, and the exhibits that contain such confidential information, may be filed under seal. *See In re Roman Catholic Archbishop of Portland*, 661 F.3d 417, 425 (9th Cir. 2011); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003). The remainder of the motion, and other exhibits that do not contain confidential information, must be filed as publicly-accessible

documents. *See* LR IA 10-5(b) ("The court may direct the unsealing of papers filed under seal, with or without redactions, after notice to all parties and an opportunity to be heard.").

Albertsons' 10 exhibits will remain temporarily sealed to enable counsel to determine which, if any, exhibits should remain sealed. Albertsons shall have until **October 23, 2018**, to file a motion to seal making a particularized showing why the exhibits should remain under seal and/or a notice indicating that the exhibits need not be sealed.

Accordingly,

**IT IS ORDERED:**

1. Defendant Albertsons shall have until **October 23, 2018**, to determine which, if any, of the Sealed Exhibits (ECF No. 32-1 – 32-10) or redacted portion thereof should remain under seal.

2. By **October 23, 2018**, Defendant Albertsons must FILE: (i) a motion to seal making a *particularized showing of good cause* for sealing the Exhibits (ECF No. 32-1 – 32-10), and/or (ii) a notice indicating that the exhibits do not require sealing.

3. Any request for sealing must comply with the Ninth Circuit's standards in *Kamakana* and must include a memorandum of points and authorities making a particularized showing why each document(s) should be sealed or redacted. The motion should also include a supporting declaration or affidavit, a proposed order granting the motion to seal, and, if applicable, a proposed redacted version.

4. Defendant Albertsons' Sealed Exhibits (ECF No. 32-1 – 32-10) will remain under seal unless and until the court either denies a motion to seal or enters an order unsealing them.

5. If no motion to seal is timely filed in compliance with this order, the Clerk of the Court will be directed to unseal the exhibits to make them available on the public docket.

Dated this 16th day of October 2018.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE