# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| SILVIA SANDOVAL, | Case No.: 2:17-cv-00959-APG-PAL |
| Plaintiff | **Order Denying Motion for Summary Judgment and Granting Motion to Seal** |
| v. | |
| ALBERTSONS, LLC, | [ECF Nos. 45, 53] |
| Defendant | |

     Plaintiff Silvia Sandoval sues defendant Albertsons, LLC for negligence and negligent hiring, training, supervision, and retention related to her fall at an Albertsons store. Albertsons moves for summary judgment, arguing that Sandoval's case is based on her conjecture about what caused her to fall. Albertsons also contends there is no evidence that it had actual or constructive notice of the hazard and failed to remedy it.

     Sandoval responds that she has consistently stated that she slipped on water and some purple-colored organic matter that she believed was either a grape or a flower petal. As for whether Albertsons had constructive notice of the hazard, Sandoval argues that this store has a long history of accidents, the floor is below industry standards for slip resistance when wet, and Albertsons' policy at the time was to sweep the entire store only once per hour. Sandoval contends that Albertsons was on constructive notice of the hazard because the water was on the floor up to 40 minutes before she fell. Alternatively, Sandoval argues Albertsons' practice of allowing customers to serve themselves at the floral department where she fell required Albertsons to put adequate safety measures in place, such as mats, to ensure patrons' safety. Finally, Sandoval argues the jury should be allowed to consider the fact that Albertsons lost a copy of the video of the incident.

I deny Albertsons' motion. A reasonable jury could find Sandoval slipped on water or a substance on the floor. Whether Albertsons failed to use reasonable care is a question for the jury to resolve.

**I. ANALYSIS**

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000); *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial."). I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

Under Nevada law, "a business owes its patrons a duty to keep the premises in a reasonably safe condition for use." *Sprague v. Lucky Stores, Inc.*, 849 P.2d 320, 322 (Nev. 1993). This includes a duty "to inspect the premises to discover dangerous conditions not known to [it] and to take reasonable precautions to protect the invitee from dangers which are foreseeable from

the arrangement or use." *Twardowski v. Westward Ho Motels, Inc.*, 476 P.2d 946, 947-48 (Nev. 1970) (quotation omitted). "Where a foreign substance on the floor causes a patron to slip and fall, and the business owner or one of its agents caused the substance to be on the floor, liability will lie, as a foreign substance on the floor is usually not consistent with the standard of ordinary care." *Sprague*, 849 P.2d at 322. But where "the foreign substance is the result of the actions of persons other than the business or its employees, liability will lie only if the business had actual or constructive notice of the condition and failed to remedy it." *Id.* at 322-23. Whether the business had constructive notice of the hazardous condition is "a question of fact properly left for the jury." *Id.* at 323.

Viewing the evidence in the light most favorable to Sandoval, a reasonable jury could find she slipped on water or some "organic matter," such as a flower petal or a grape. Sandoval testified she saw water on the floor and on the heel of her shoe. ECF No. 45-2 at 7. She also saw something purple, possibly a grape or flower petal, smeared on the floor where she fell. *Id.* at 5, 7. Sandoval and her daughter, who was with her at the time, saw a Starbucks employee clean up the area after she fell. ECF Nos. 45-2 at 8; 45-3 at 5.

The area where Sandoval fell was located near the floral department, which had a display stand of several buckets filled with water from which patrons could retrieve flowers. ECF Nos. 45-1 at 3-4; 45-2 at 5-6, 10; 46-11 at 5. A produce display was nearby. ECF Nos. 45-4; 52-1 at 5-6; 52-3 at 5. It is unclear whether there were any skid mats around the floral or produce displays in this area. ECF No. 46-11 at 5. Sandoval fell between 4:00 and 4:30 p.m. ECF No. 45-4. The last sweep of that area occurred 10 to 40 minutes prior. ECF No. 45-5. Given these circumstances, and viewing the facts in the light most favorable to Sandoval, material issues of fact remain as to whether Albertsons failed to use reasonable care by not placing mats near the

flower display where water might spill as patrons carry flowers away or by not increasing the frequency of floor inspections and sweeps in this area that had potential water and produce hazards. ECF Nos. 46-8 at 4 (the plaintiff's expert opining Albertsons should have known the floral display would create a water hazard); 52-1 at 5-6 (Albertsons' Rule 30(b)(6) witness testifying that the produce department gets swept every 30 minutes but that the area where Sandoval fell would be considered the sales floor and get swept every hour); *see also Rios v. Walmart Inc.*, 740 F. App'x 582, 583 (9th Cir. 2018) (holding that a hazard on the floor for even a short time may give rise to negligence if a reasonable inspection was not conducted). I therefore deny Albertsons' motion.

## II.  CONCLUSION

IT IS THEREFORE ORDERED that defendant Albertsons, LLC's motion for summary judgment **(ECF No. 53) is DENIED**.

IT IS FURTHER ORDERED that defendant Albertsons, LLC's motion to seal **(ECF No. 53) is GRANTED**.

DATED this 28th day of March, 2019.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

4